United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Juan De Dios Gomez<br>USM No. 13755-033, Defendant. | )<br>)<br>)<br>) Criminal Case No. 11-20698-Scola<br>)<br>)<br>) |

**Order on Defendant's Motion for Compassionate Release**

Now before the Court is the Defendant Juan De Dios Gomez's unopposed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), requesting that the Court release Gomez from prison due to threat posed by the Covid-19 pandemic. For the reasons set forth below, the Court **grants** the Defendant's motion (**ECF No. 1418**).

### 1. Background

As we all know, the Covid-19 pandemic poses a serious danger to society, and especially to at-risk or vulnerable inmates. In light of this unprecedented situation, Attorney General Barr has urged the Bureau of Prisons to transfer inmates to home confinement where appropriate to decrease the risks to their health. Memorandum from the Attorney General (Apr. 3, 2020). The memorandum states that inmates over 60 years of age with severe pre-existing medical conditions serving sentences for non-violent crimes may be transferred to home confinement. (*Id.* at 2.) Inmates who are not transferred to home confinement by the Federal Bureau of Prisons may also file a motion with the district court requesting compassionate release under 18 U.S.C.A. § 3582(c)(1)(A) due to "extraordinary and compelling" circumstances.

### 2. Exhaustion of Administrative Remedies

"Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where 'the interests of the individual weigh heavily against requiring administrative exhaustion.'" *United States v. Minor*, Case No. 18-80152 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)); *see also Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) ("Even where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute.") Exhaustion is not required where "resort[ing] to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action. Such prejudice may result, for example,

from an unreasonable or indefinite timeframe for administrative action." *McCarthy*, 503 U.S. at 146-47. Here, because of the unprecedented pandemic combined with Gomez's high risk of severe illness or death based on underlying medical conditions and the government's non-opposition to his motion, resorting to the administrative remedy may occasion undue prejudice. Every day that Gomez spends in prison, he is at risk of contracting COVID-19 and subsequently dying from the disease.

### 3. Compassionate Release

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that. . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Gomez's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a).

Having reviewed the relevant briefing, authorities, and otherwise being advised of the premises of this matter, this Court finds, after having considered the § 3553(a) factors, that extraordinary and compelling reasons warrant an immediate reduction in Gomez's sentence to time served and that he is not a danger to the safety of any other person or to the community. Although the government does not agree with all the assertions in Gomez's motion, it does not oppose the Defendant's release. The Court commends the prosecutor for his non-opposition to Gomez's release.

### 4. Conclusion

Because of the unprecedented Covid-19 pandemic and in light of the above, the Court **grants** Gomez's motion for compassionate release (**ECF No. 1418**), and orders as follows:

1. The Defendant's sentence of imprisonment is hereby reduced to time served, effective immediately. Upon release from imprisonment, the Defendant shall comply with all standard conditions of supervised release.

2. The Defendant must report in-person to the United States Probation Office within 72 hours of his release.

The Clerk is **directed** to immediately forward a copy of this order to the Bureau of Prisons, the U.S. Marshal, and Probation.

**Done and ordered** at Miami, Florida, on September 10, 2020.

Robert N. Scola, Jr.
United States District Judge